IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN FRAZIER, #099699, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2420-C-BN |
| TEXAS INTERNAL REVENUE SERVICE, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kelvin Frazier, a Florida prisoner, filed a *pro se* complaint against the Austin, Texas office of the Internal Revenue Service requesting an economic impact payment (EIP) (or stimulus payment) under the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act). *See* Dkt. No. 3.

Senior United States District Judge Sam R. Cummings referred Frazier's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned questions whether there is jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of jurisdiction.

These findings and conclusions provide Frazier notice as to the jurisdictional deficiency. And the ability to file objections to the undersigned's recommendation that

this case be dismissed for lack of jurisdiction (further explained below) provides an opportunity for Frazier to establish to the Court (if possible) that it does indeed have jurisdiction.

## Legal Standards

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

## Analysis

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). "The IRS, as an agency of the United States, is thus shielded from private actions unless sovereign immunity has been waived." *Beneficial Consumer*

*Discount Co. v. Poltonowicz*, 47 F.3d 91, 94-95 (3d Cir. 1995) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

So, "[t]o maintain a suit in district court against the United States [and its agency, the IRS], a plaintiff must bring claims under a statute in which Congress expressly waives the United States' sovereign immunity." *Ortega Garcia v. United States*, 986 F.3d 513, 522 (5th Cir. 2021) (citation omitted); *see also Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar." (citation omitted)).

The statute that Frazier cites, the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), "established a tax credit to eligible individuals and is an advance refund of the tax imposed under subtitle A of the tax code," *Vela v. Internal Revenue Serv.*, A-21-CV-355-RP, 2021 WL 2432481, at *2 (W.D. Tex. June 15, 2021) (citing *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1021 (N.D. Cal. 2020)), *rec. adopted*, 2021 WL 9526740 (W.D. Tex. Aug. 2, 2021).

> The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." Therefore, the Act provides "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit."

*Id.* (quoting *Scholl*, 489 F. Supp. 3d at 1021).

More broadly, the United States has indeed consented to be sued in a district court for refund of taxes. *See* 28 U.S.C. § 1346(a)(1).

"Before filing suit, however, a taxpayer must exhaust his administrative

remedies by filing a claim for a refund with the IRS." *Kossie v. Yellen*, No. 3:21-cv-3119-S-BK, 2022 WL 1117447, at *1 (N.D. Tex. Mar. 4, 2022) (citing *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); 26 U.S.C. § 7422(a); footnote omitted), *rec. accepted*, 2022 WL 1117200 (N.D. Tex. Apr. 14, 2022).

And, "[t]o overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code." *Id.* (quoting *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010)).

Among other things, Frazier alleges that he "has done everything possible to assist the I.R.S. in sending my stimulus checks and all I am getting is the run-around." Dkt. No. 3 at 2.

But, by not alleging that he exhausted administrative remedies by timely filing a refund claim, Frazier fails to show that the United States has waived its sovereign immunity and that the Court therefore possesses jurisdiction over his tax refund action. *See, e.g.*, *Kossie*, 2022 WL 1117447, at *1 ("Because Kossie has not exhausted his administrative remedies, the Court lacks jurisdiction over his request for a tax refund." (collecting cases)). *Cf. Sterling v. VA N. Tex. Health Care Sys.*, No. 3:19-cv-465-G-BN, 2019 WL 2176752, at *3 (N.D. Tex. Apr. 29, 2019) ("Crucial to establishing subject matter jurisdiction, '[w]aiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government.'" (quoting *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing, in turn, *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 480 (5th Cir. 2013)))), *rec. accepted*,

2019 WL 2173679 (N.D. Tex. May 20, 2019).

## Recommendation

The Court should dismiss this lawsuit for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2022

                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE